THOMAS ALVARINO AND JACINTO ALFONSO, DOING BUSINESS UNDER THE NAME OF ALVARINO Y ALFONSO, S. EN C., *Plaintiff in Error*, v. L. RAUCH, DOING BUSINESS UNDER THE NAME OF L. RAUCH & COMPANY, *Defendant in Error*.

Division B.

Opinion Filed February 22, 1926.

Petition for Rehearing Denied May 24, 1926.

W. H. Malone, for Plaintiff in Error;

H. Pierre Branning, H. H. Taylor and W. G. Ward, for Defendant in Error.

BUFORD, J.—This case is on writ of error to the circuit Court of Monroe County from a final judgment in favor of the plaintiffs in the sum of $28,326.02 with costs. See former writ of error, Alvarino v. Rauch, 85 Fla. 40, 95 So. 121.

The case presents no new question of law to be determined but turns entirely upon the question of whether or not the verdict is supported by the preponderance of the evidence. This question is properly raised by the second ground and the third ground presented in motion for new trial and in the twenty-sixth assignment of error.

The action was brought to recover payments for eggs contained in four carload shipments, and for money paid, alleged to be due plaintiff from defendants.

The claim of right to recover is based upon allegations of delivery of four cars of eggs to the defendants by the plaintiff in compliance with the written or telegraphic orders of the defendants. The defendants alleged among other matters of defense that they never at any time ordered, purchased or accepted eggs contained in Car No. 1548. The proof sustains this contention. Defendants further allege that eggs contained in Car No. 2423 were shipped in total disregard of defendants' shipping instructions, thereby causing the carload of eggs to be delayed in transit at Key West, Florida, to such an extent as to make the contents unfit for defendant's use. The proof sustains this contention. The defendants also pleaded certain matters and amounts in set-off which should have been allowed.

The shipments of the merchandise from the vendors in Memphis, Tennessee, to the purchasers in Havana, Cuba, must be deemed and held to be through shipments to Cuba, although cars were required to be unloaded at Key West, Florida, and the contents there reloaded on vessels. The warehouse brokers at Key West, Florida, appear to have acted as agents of both shipper and ultimate consignee.

The probative force of the evidence when taken and considered in its entirety shows that the defendants should not be held liable to pay plaintiff for the eggs contained in either car No. 1548 or in car No. 2423 upon the invoices rendered. On these two items the defendants are only liable on account of sales thereof made by them.

It appears however that the defendants were due the plaintiff in payment for eggs contained in car No. 14562 the sum of $8,164.80, and for eggs contained in car No. 1857 the sum of $8,164.80, that in addition to this defendant was due plaintiff the sum of $3,699.00 for eggs sold by defendants for the account of plaintiff making a total of $20,028.60. It is true a part of the $2,699.00 realized for eggs sold may have been for eggs contained in the cars above mentioned; but if so the defendants so confused their property with the property of plaintiff that the same can not be segregated and accounted for separately and therefore they must account for the whole. As against this sum the defendants were entitled to credits as follows:

Amount paid for eggs in car No. 102562...$ 8,448.00
Amount freight on 480 cases eggs at 50c...   240.00
Amount Custom House duties on 880 cases.   880.00
Amount storage in Havana 880 cases......   678.00

    Total ...........................$10,246.00

When this account of credit is allowed it leaves a total amount due the plaintiff from the defendants at the institution of the suit the sum of $9,782.60 for which amount with interest from institution of suit verdict should have been rendered.

The only material error apparent on the record is the amount stated in the verdict and the amount of the judgment in accord therewith. It appears to the court that the verdict and judgment are excessive and should have been for no greater sum than $9,782.60.

It is therefore ordered that if plaintiff shall enter a remittitur in the sum of $18,543.42, as of the date of the verdict then the remaining judgment for the sum of $9,782.60 with interest from date of institution of suit and costs shall stand affirmed, otherwise the judgment shall be reversed and the cause shall stand again for trial. 84 Fla. 235, 93 So. 247, 20 Fla. 515.

Affirmed, conditioned upon a remittitur.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS AND STRUM, J. J., concur in the opinion.

BROWN, C. J., not participating.